Colcock, J.
This action was brought to recover the penalty of ¿0500, imposed by the habeas corpus act for the wilful neglect, refusal, or omission to Srant the writ of habeas corpus, which, it was al-defeudant had refused to grant to the plaintiff. The jury found a verdict for the defendant, and a motion is made for a new trial on the follow-hig grounds: First, because of the misdirection of his honour, the presiding judge, in the following particulars:
1st, That he charged the jury that as the original warrant of commitment was not produced on this trial, nor any evidence given of its loss; therefore, copy of said warrant, although proved by one witness to be a true copy, was not sufficient to support the action agreeably to the requisitions of the third section of the act of Charles 2nd, commonly caded the u habeas corpus act.” Thatthe judge misdirected the iury in the second respect, inasmuch ü 4 as he stated to them, that as defendant had issued the warrant of commitment, he, the said defendant, ought to be excused for not having issued the said writ of habeas corpus; and also in the 3rd respect, inasmuch as he stated to them, that the said act *699 required that the refusal should be proved to have A proceeded from malicious motives.
2nd ground, that his honour the presiding judge, refused to admit the testimony of Mr. Boyle, a witness produced to prove the motives of the said defendant, expressed and explained in the declaration of the said defendants.
3rd ground, that the verdict was contrary to law and evidence.
On the 1st point, I am constrained to differ with my brother who presided at the trial of this ease. I do not conceive that the rule of evidence which applies to the admission of co pies in general, has any application in this case. Where a statute makes a copy with certain requisites admissible, it shall be deemed and taken as a copy, (if it be according to the form prescribed,) until the contrary be proved. And the reason of this is most obvious; for how can the party to an action like the present, either produce the original, which is in the custody of the officer, or give any account of it. The brief states that a copy, attested and subscribed by two*credible witnesses, was proved to have, been shown to the defendant, and offered to be produced in evidence; and in such cases, the law makes a copy sufficient, because it would be absurd to make a man accountable for that which by law is in the possession of another. It has also been urged that the petition which was presented to the defendant was a ddressed to him alone, and the act authorises two magistrate *700 ’ bhsLt as to him, it is penal and ought to he construed strictly. The petition being informal, this action cannot lie.
Before I proceed to examine the propriety of this objection, I will remark that it was not alleged as a reason for not granting the writ by defendant, nor was it urged below; I should, therefore, think it sufficient in ordinary cases to reject it on those grounds. But I consider this a case of the first importance, inasmuch as it involves a construction on a statute made for the protection of the liberty of the citizen. I take it for granted that every statute has a definite legal character, and I should call the statute under consideration a remedial one. It is said also to be penal: true it is; it imposes a penalty for the neglect to perform certain duties therein prescribed; but this, surely does not entitle it to the character of a penal statute. What is the great object of the act? The protection of the liberty of the citizen. How are we to ascertain the character of an act ? by looking into the minute details ? I presume not.
Again, there are certain rules of law which direct a judge in the construction of statutes. A remedial law is to be construed liberally ; a penal law strictly. Now a difficulty arises as to the construction of this statute. How shall I apply these rules? One says, it is remedial; another, it is penal. If it be this heterogeneous act, the rules cannot apply at *11. I will readily concede that where an act impo *701 ses a penalty for the non-performance of a duty, that it is incumbent on the court to see that the shield of defence be not converted into the sword of oppression ; but this may be done without changing the character of the act. If it had appeared in this case, that the object of the plaintiff had been to get a right of action against the defendant, and not to procure his liberty, I should have interposed to protect him ; but pursuing the objection under the idea, that this is a remedial act, what ought to be the weight attached to it? In my opinion none ; for the act does not say what particular form shall be used ; if it be in writing, it is sufficient, and for any thing in the law to the contrary, it may be by separate petitions directed to each justice, They are to act together, out they may be brought together as well by separate petitions directed to each, as by a joint petition directed to both. The' words of the statute are; u Upon view of the i( copy or copies of the warrant or warrants of com- “ mitment and detainer, or otherwise, upon oath (< made that such copy or copies were denied to be “ given by such person or persons in whose custody (l the prisoner or prisoners is or are detained, are i( hereby authorised and required upon request made ss in writing by such person or persons, or any on his u or their behalf, attested and subscribed by two wit-(t nesses who were present at the delivery of the <{ same to award and grant a habeas corpus, &r.N If an officer were to be permi ted to evade the provisions of this wise and benefimal net by such a pretext, as well might it not have been passed.
*702 It was, further, contended that the copy of the commitment was not shewn to the defendant at the time of the application. If I understand the brief, this was what Mr. Taylor was about to prove ; but it was not necessary in this case, that it should have been produced; for, in construing an act of this kind, we are to look to the old law, the remedy and the mischief. Now what was the object of this part of the clause ? To prevent persons from being bailed who were not entitled; and I may add, to enable the magistrates to decide on the sum in which the party should be held” to bail in those cases which were bailable. Now, there could be no want of information on these points in this case, for the defendant was the magistrate who committed the plaintiff; he of course knew whether the offence was bailable, and the extent of it, so as to be enabled to say-in what sum, plaintiff should be held to bail. Cessante ratione, cessat et ipsa lex.
On the second ground, I observe that the refusal must be proved to be wilful: and this may be certainly done by the expressions of the party, as well as by circumstances. Mr. Boyle should, therefore, have been permitted to prove what the defendant said, relative to his refusal to bail the plaintiff. I am of opinion that a new trial should be granted.
Grimke, Justice, dissented.